MICHAEL J. HEYMAN
United States Attorney

JACK S. SCHMIDT
Assistant United States Attorney
Federal Building & U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0400
Email: jack.schmidt@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL T. KEPLINGER,<br><br>Defendant. | No. 1:26-cr-00008-ACP-MMS |

This document and its addenda, if any set forth completely the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

**PLEA AGREEMENT**

**1. Summary of Agreement**

The defendant agrees to plead guilty to the following counts of the Information in this case:

- Count 1: Theft of Government Property, in violation of 18 U.S.C. § 641

The defendant, MITCHELL T. KEPLINGER, agrees to pay restitution in the total amount of $85,682.17 to the United States Forest Service and the United States agrees to jointly recommend a no active jail time sentence, a fine, and a three-year term of probation based on the Guidelines as calculated by the District Court at sentencing. Moreover, the parties agree, upon the full payment of restitution, that the defendant may seek to reduce his three-year term of probation to no less than 18 months. The United States also agrees not to criminally prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Information.

The defendant will waive Indictment and proceed by Information. The defendant also waives all rights to appeal the convictions and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

## 2. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the defendant may withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## 3. Charges, Elements, Penalties, and Other Matters Affecting Sentence

### 3.1. Charges of Conviction

The defendant agrees to plead guilty to the following counts of the Information:

- Count 1: Theft of Government Property, in violation of 18 U.S.C. § 641

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                    Page 2 of 15

## 3.2. Elements of the Charged Offenses

The elements of the offense charged in Count 1 are as follows:

1. The defendant, MITCHELL T. KEPLINGER, knowingly stole property of value, that is Alaska Yellow Cedar trees, with the intention of depriving the owner of the use or benefit of the property;

2. The property belonged to the United States;

3. The property involved in the offense was more than $1,000.00.

## 3.3. Statutory Penalties

The maximum and minimum penalties applicable to the charges of conviction are as follows:

Counts 1:

- Imprisonment for up to 10 years;
- A fine of up to $250,000.00;
- Supervised release for up to three years
- A $100 special assessment

## 3.4. Other Matters Affecting Sentence

### 3.4.1. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

1. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

2. Upon violating any condition of supervised release, a further term of

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                     Page 3 of 15

imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

### 3.4.2. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. A defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, may be denied citizenship, and may not be permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including denaturalization and removal from the United States.

### 3.5. Restitution

The defendant, MITCHELL T. KEPLINGER, agrees to pay restitution in the total amount of at least $85,682.17 to the United States Forest Service (USFS) for the ecological damage caused by his conduct, including the, but for costs related to the defendant's conduct to transport the stolen logs from Kodiak back to Sitka and the costs of USFS civil employees and associated expenses incurred that were directly related to this offense.

The defendant agrees that the Court will order restitution to United States Forest Service in amounts previously listed to and agreed by the parties in the amount of $85,682.17 at sentencing.

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS          Page 4 of 15

### 3.6 Forfeiture

This agreement does not include any forfeiture.

### 4. Factual Basis

The defendant admits the truth of the allegations in the Information and of the following statement:

Beginning at time unknown, but starting between on or about March 28, 2024, until April 12, 2024, MITCHELL T. KEPLINGER, knowingly and intentionally stole Alaska Yellow Cedar trees from the lands of the United States Forest Service in and around the area of Sitka, Alaska.

KEPLINGER is the owner/operator of the F/V ALINCHAK and in March 2024 was engaged in the Alaska Herring Seine fishery in Sitka, Alaska. After the closure of the fishery, KEPLINGER utilized his vessel the F/V ALINCHAK and directed his crew to harvest Alaska Yellow Cedar trees on U.S. Forest Service lands near Sawmill Creek, Sugarloaf Mountain and in and around Sitka Sound. KEPLINGER was aware that a permit was required for the harvesting of trees on U.S. Forest Lands but was not in possession of a permit during the harvest of the trees. KEPLINGER's crew, who were cutting the trees at his direction, had covered one of the stumps with moss to conceal the theft. KEPLINGER, while using F/V ALINCHAK illegally harvested 16 Alaska Yellow Cedar trees, yielding 22 logs, belonging to the United States, with a market value of $4,476.25.

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                    Page 5 of 15

## 5. The United States Sentencing Guidelines, Guideline Application Agreements, and Sentencing Recommendations

### 5.1. Advisory U.S. Sentencing Guidelines

The defendant acknowledges that the Court will consult the advisory United States Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The Guidelines do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The Guidelines are not mandatory, and the Court is not bound to impose a sentence recommended by the Guidelines.

### 5.2. Guideline Application Agreements

All agreements regarding Guidelines applications are set out in this section.

### 5.2.1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility—including by inappropriately seeking to delay sentencing—the United States will not make or, if already made will withdraw, this recommendation and motion.

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                     Page 6 of 15

## 5.3. Sentencing Recommendations

The United States Probation Office will prepare the defendant's presentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines calculation in the presentence report, and to present evidence in support of their respective sentencing arguments.

The defendant, MITCHELL T. KEPLINGER, agrees to pay restitution in the total amount of at least $85,682.17 previously identified above and the United States agrees to recommend a sentence with no active incarceration based on the guideline calculated by the United States District Court and three-year probationary period. Moreover, the parties agree, upon the full payment of restitution, that the defendant may seek to reduce his three-year term of probation to no less than 18 months. Except as set forth in this agreement, the parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on any relevant criteria, including the stipulated facts set forth in Section 4, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant acknowledges that the United States is obligated to provide the Court with truthful and relevant information that may inform the sentencing decision, and that doing so will not entitle him to rescission of this agreement so long as the United States does, in fact, recommend a sentence that is not inconsistent with this agreement.

## 6. Additional Agreements by the United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not criminally prosecute the defendant further for any other offense now known arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth above.

However, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case notwithstanding any term of this agreement, to include any charges dismissed thereof. The United States shall be entitled to the automatic reinstatement of any such dismissed charges. As an express term of this agreement, the defendant hereby agrees that to waive any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## 7. Additional Agreements by the Defendant

### 7.1. Waiver of Trial Rights

By entering into this agreement, the defendant intentionally and voluntarily waives the following trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS          Page 8 of 15

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to have the case presented to the Grand Jury and waives Indictment and agrees to proceed by Information;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## 7.2. Waiver of Appellate Rights

The defendant waives the right to appeal any conviction for any of the charges set forth in this agreement. The defendant further waives the right to appeal any sentence imposed pursuant to this agreement, except on the grounds that the sentence exceeds the maximum term authorized by statute. The defendant understands that this waiver includes, but is not limited to, the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                    Page 9 of 15

Case 1:26-cr-00008-ACP-MMS    Document 6    Filed 04/22/26    Page 9 of 15

restitution; and any and all constitutional or legal challenges to any conviction or guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support a plea of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement.

### 7.3. Waiver of Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack any conviction or sentence imposed pursuant to plea agreement, or any portion thereof, including the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea. The only exceptions to this collateral attack waiver are: a challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; or a challenge to the voluntariness of the defendant's guilty plea. The scope of this waiver applies to a collateral attack brought in any procedural vehicle, including but not limited to a challenge brought pursuant to 28 U.S.C. § 2241 or § 2255. The filing of such a challenge shall constitute a material breach of this agreement.

### 7.4. Waiver of Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement. The defendant agrees that the statements made in signing

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                    Page 10 of 15

this agreement shall be deemed usable and admissible in any subsequent proceeding, regardless of whether the plea agreement or any other portion thereof is subsequently withdrawn or rescinded. The foregoing provision acts as a modification and express waiver of the provisions of Fed. R. of Evid. 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis. This provision applies regardless of whether the Court accepts this plea agreement.

**7.5. Agreement to be Sentenced Within 120 days of Entering a Plea**

The defendant agrees to be sentenced within 120 days of appearing before the Court to enter a guilty plea. The defendant acknowledges that if he seeks to delay sentencing past that time without the prior consent of the United States, this conduct will be considered inconsistent with acceptance of responsibility and will forfeit any entitlement to a Guidelines reduction for acceptance of responsibility. The United States acknowledges that a delay beyond 120 days in sentencing attributable to the Court, the government, or other factors beyond the defendant's control will not be considered inconsistent with acceptance of responsibility.

**7.6. Release or Detention Pending Sentencing**

The defendant acknowledges that once his plea of guilty is accepted by the District Judge, it will be his burden to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger if he wishes to be released pending sentencing. As an express term of this plea agreement, the defendant agrees to abide by all release conditions that may be imposed and acknowledges that his failure to comply with any such condition may result in his detention pending sentencing, and that such failure will constitute a material

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                          Page 11 of 15

breach of this agreement, and will entitle the government, at its option, to make a sentencing recommendation different from that set forth above, or to rescission of this agreement altogether.

### 7.7. Breach and Other Circumstances Entitling the Government to Relief

The defendant acknowledges that, if the United States demonstrates by a preponderance of the evidence that he has failed in material way to perform any obligation set out in this agreement, the United States is entitled, at its option, to recission of this agreement. This entitlement supplements, and does not replace, any other form of relief that the United States might be entitled to in the event of a breach, to include any other specific remedy set out under the terms of this plea agreement. The defendant acknowledges if the plea agreement is rescinded, the defendant's admission to the factual basis will be admissible against the defendant as specific in Section 7.4 of this agreement.

### 8. The Parties' Acceptance of this Agreement

I, MITCHELL T. KEPLINGER, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my guilty plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                    Page 12 of 15

attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I appear to enter my plea.

I enter into this agreement voluntarily, with the intent to be bound, and with a full understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a guilty plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges contained in the Indictment/Information. My attorney has investigated my case and followed up on any

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                Page 13 of 15

information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence. However, I understand that my attorney cannot guarantee any particular sentence except as set out herein, and I expressly acknowledge that my decision to plead guilty is not based on a belief that I am certain to receive a particular sentence that is not set out in this agreement.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 18 U.S.C. § 641, as charged in Count 1 of the Information.

DATED: 4 - 14 - 2026

MITCHELL T. KEPLINGER
Defendant

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS                Page 14 of 15

Case 1:26-cr-00008-ACP-MMS     Document 6     Filed 04/22/26     Page 14 of 15

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _____4·20·26_____   _____
MICHAEL MOBERLY
Attorney for KEPLINGER

On behalf of the United States, I accept the defendant's offer to plead guilty under the terms of this plea agreement.

MICHAEL J. HEYMAN
United States Attorney

DATED: _____4/22/2024_____   _____
JACK S. SCHMIDT
Assistant United States Attorney
United States of America

U.S. v. Keplinger
1:26-cr-00008-ACP-MMS          Page 15 of 15